IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| SOUTHERN HILLS MEDICAL CENTER, ) ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Mr. Wali Telwar, who has been adversely affected by such practices. The Commission alleges that Defendant, Southern Hills Medical Center ("Southern Hills") failed to reasonably accommodate Mr. Telwar's sincerely held religious belief that he had to make the Hajj (Pilgrimage to Mecca), forced him to resign, and then refused to rehire him, because of his religion, Islam.

## JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f).

4. At all relevant times, Defendant, Southern Hills, was a Tennessee corporation doing business in the State of Tennessee and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Wali Telwar filed a charge with the Commission alleging that Southern Hills engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Wali Telwar worked as a medical technician for Defendant from March 21, 2003, until he was forced to resign on December 25, 2005.

8. Wali Telwar's religion is Islam.

9. One of the Five Pillars of Islam is a once-a-lifetime pilgrimage to Mecca, called a Hajj, which is required of all believers.

10. In 2005, the date of the Hajj was December 27, 2005 to January 15, 2006.

11. On November 3, 2005, Telwar requested in writing to use his accumulated paid time off, from December 27, 2005 to January 17, 2006, to make the Hajj.

12. Defendant denied the request.

13. Rather than granting Telwar's request to be off to make the Hajj required by Islam, Defendant told Telwar that if he insisted on going to Mecca, he would have to resign his position.

14. Defendant told Telwar he could reapply for his position after he returned from his trip.

15. Because Defendant refused Telwar's request for accommodation for his sincerely held religious belief, he resigned effective December 26, 2005.

16. When Telwar returned from the Hajj on January 17, 2006, he reapplied for a medical technician position with Defendant, either permanent, part-time, or "PRN" (as needed).

17. Defendant hired three medical technicians during the time Telwar's application was active.

18. Defendant did not rehire Telwar.

19. The practices complained of above are in violation of §§ 701(j) and 703(a) of Title VII, as amended, 42 U.S.C. §§ 2000e(j) and 2(a).

3

20. The effect of the practices complained of above has been to deprive Mr. Telwar of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

21. The unlawful employment practices complained of in paragraphs 7 – 18 above were and are intentional.

22. The unlawful employment practices complained of in paragraphs 7 - 18 above were done with malice or with reckless indifference to the federally protected rights of Wali Telwar.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of religion.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with sincerely held religious beliefs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mr. Telwar by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to rightful place hiring.

D. Order Defendant to make whole Mr. Telwar by providing compensation for pecuniary losses in an amount to be determined at trial.

E. Order Defendant to make whole Mr. Telwar by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

F. Order Defendant to pay punitive damages to Mr. Telwar for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*[signature: Faye Williams w/ permission by SR]*

**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

*[signature: Sally Ramsey]*

**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105